Common Pleas Court of Hamilton County.

JOSEPH P. MOLLER, EXR. V. JOHN DEE WAREHAM, ET AL.

Decided January 7, 1933.

*Clifford E. Frey,* for executor.
*Taft, Stettinius & Hollister,* for John Dee Wareham.
*Anthony B. Dunlap,* for Gordon Taylor.

DARBY, J.

This is an action in which the executor seeks the judgment and direction of the court in regard to the true construction of Item 14 of the will and the codicil thereto. The will was executed May 14, 1931. The codicil was executed December 29, 1931.

Item 14 of the will constitutes at the same time a gift and devise to John Dee Wareham, of a life estate in decedent's homestead, with all household effects and furnishings, and a disposition of the residuum of the estate, so that it includes these two separate and distinct dispositions of property. Item 14 of the will is in these words:

"I do hereby give, devise and bequeath unto Mr. John Dee Wareham, of the city of Cincinnati, Ohio, said John

Dee Wareham to have and to hold my homestead at 3329 Morrison avenue, Cincinnati, Ohio, with all its household effects and furnishings, for the full term of his natural life; after the above bequests are first paid out of my estate; and on and after the death of John Dee Wareham, then it is my wish and desire that all the rest and residue of my estate shall be given, bequeathed and devised to my nephew, Gordon Taylor of Chicago, Illinois, absolutely and in fee simple."

Plainly, the first part of this item is a gift and devise to John Dee Wareham of "my homestead * * * with all its household effects and furnishings, for the full term of his natural life." The bequest to him is a life estate in both the homestead and "all its household effects and furnishings." It seem clear that there would be excepted from this inclusive gift of household effects and furnishings, any specific gifts of any of such furnishings, such as contained in Item 3, where some articles of china in the dining room were specifically devised.

Attention should also be directed to Item 9, in which there is a gift of $30,000.00 in cash and certain articles in the home to John Dee Wareham, the articles referred to having been gifts from him to the testatrix. Among the legacies is one of $1,000.00 in cash to the residuary legatee and devisee under the will.

The codicil in the first paragraph makes disposition of the real estate and residence (homestead as it appears in the will) and the personal property located in the residence, or in or about the premises, which is inconsistent with Item 14 of the will. The first paragraph of the codicil is in these words:

"I give, devise and bequeath to my friend John Dee Wareham, of Cincinnati, Ohio, in fee simple, all the real estate owned by me fronting on and being known as No. 3329 Morrison avenue, Cincinnati, Ohio, consisting of approximately seven (7) acres, including the residence and other buildings thereon, together with all the personal property located at the time of my death in said residence, or in or about the said premises, except such articles of personal property as may be specifically bequeathed in my will."

This codicil does not refer to any item or clause in the will, but it describes and disposes of the same real property (though by much more explicit description), and it also disposes of "all the personal property located at the time of my death in said residence, or in or about the said premises, except such articles of personal property as may be specifically bequeathed in my will."

Item 14, so far as it creates a life estate in John Dee Wareham, and the codicil so far as it creates a fee simple estate in him, are of course inconsistent, and cannot stand together. The codicil therefore revokes Item 14 of the will, so far as it disposes of the real property, and the personal property located in the residence or at other places about the premises.

This construction of course does not interfere in any way with the residuary clause, and it remains as in Item 14 of the will.

The effect of the codicil is to enlarge the bequest and devise to John Dee Wareham from a life estate into a fee simple and absolute ownership, while at the same time its effect is to cut down the residuary estate so far as the remainder in the real property and the disposition of the household effects and furnishings under Item 14, are concerned.

It is claimed that the exception written into the codicil in these words—"except such articles of personal property as may be specifically bequeathed in my will," should be interpreted to limit the disposition of personal property under the codicil to household effects and furnishings. The court is unable to agree with such construction, and is of the opinion that the specific bequests referred to in the codicil relate to items of the will other than Item 14.

Attention should be called to the fact that the codicil contains a provision that if any of testatrix' next of kin seek to set aside the codicil, the provision for such next of kin shall be revoked and the legacy to him shall pass to the said John Dee Wareham.

It is claimed that the testatrix evinced a purpose to confine the absolute ownership under the codicil to the

real property, because of the following recital in the codicil:

"I am making the gift in this codicil to said John Dee Wareham because I know that he will, to the best of his ability, maintain the house and garden which I have so greatly loved, in the way in which I would wish."

While that is the expression of a desire on her part as to how the house and garden shall be maintained, it is not effective to destroy the plain provisions of the codicil, giving to Mr. Wareham the fee simple title in the real property and the personal property.

Another question involved in the case is as to whether or not certain jewelry found in the house after the death of the decedent is included under the codicil, which gives the real property and all buildings "together with all the personal property located at the time of my death in said residence, or in or about the said premises." It is claimed that the codicil and Item 14 of the will must be construed together to get at the real meaning of the testatrix.

It will. be observed that Item 14 gives a life estate in the homestead "with all its household effects and furnishings." The codicil contains very different language, and is, "all the personal property located at the time of my death in said residence, or in or about the said premises." To show the difference, attention should be further called to the fact that Item 14 of the will gives to Wareham a life estate in "my homestead at 3329 Morrison Avenue, Cincinnati, Ohio, with all its household effects and furnishings." That bequest would go no farther than its language clearly implies, and would limit the personal property bequeathed by it to household furnishings and effects, whereas the codicil disposes of "all personal property located at the time of my death in said residence, or in or about the said premises." It cannot be thought that the testatrix intended the same thing when she executed these two instruments. The codicil is far more extensive, and the court may not by interpretation, cut down the meaning of the testatrix, plainly expressed in her codicil.

The facts are, that in addition to the household furnishings, there was in a safe in a closet adjoining the bedroom of the decedent, jewelry of considerable value, which belonged to her and which had been kept there for some thirty years.

When decedent executed the codicil, she knew probably better than any other person, what "all the personal property located at the time of my death in said residence, or in or about said premises" comprised.

What is the rule which must govern the court in the determination of this question?

In *Anderson* v. *Gibson,* 116 O. S., 684, it is stated as follows:

"1.   The cardinal rule of interpretation of a will is to ascertain the meaning and intention of the testator."

In this case the will in its entirety was in these words:

"I, Margaret Gibson Anderson, bequeath all my worldly goods to my dear husband, Edward Anderson."

It was held that the intention of the testatrix was to devise to her husband under said will, real property, though the phrase in the will describing her property is "worldly goods."   On p. 687, Marshall, C. J. speaking for the court, said:

"This being a question of the interpretation of a will, this court must observe the cardinal rule of the construction and interpretation of wills, viz. to ascertain the intention of the testator; and in so doing, that intention must be ascertained if possible from the language employed in the will itself.   And if that language is such that its meaning is clear, and if the words employed are unequivocal and unambiguous, they should be given their ordinary meaning and natural effect, even though it should appear *aliunde* that the testator intended a different disposition.   In other words, this court should not make a will different from that made by the testatrix, where the language employed by her is clear and unequivocal, even though it should clearly appear that she entertained an intent wholly at variance with the results such clear and unequivocal language would produce.   If the word 'goods' without any adjective had been used, or if the expression

'goods and chattels' had been employed, there would be little difficulty in determining that she only meant to dispose of personal property. If, on the other hand, she had used the word 'estate' or the word 'property', there would be no difficulty in determining that she intended to dispose of real estate as well as personal property."

Thompson on Construction of Wills, Sec. 312 is as follows:

"Unless restricted by the context of the will, the entire personal estate of the testator will be included under such terms as 'personal property', 'effects', 'things', or 'goods and chattels.' Also such words as 'my property,' 'my estate,' 'my whole estate' will ordinarily operate to pass personal property. Unless so restricted, such words may operate to pass money, choses in action and securities and live stock. The words 'personal estate' technically include intangible as well as tangible property, but such words when used in a provision giving jewelry, household furniture and personal estate have been held not as meaning personal property, but as meaning personal effects or tangible property personally used by the testator, and hence did not pass bank deposits, stocks, etc. Likewise, 'all articles of personal property in said house' was held to mean goods and chattels, not money or securities, but a gift of 'all household furniture and personal effects' has been held to include money left in the hands of the executor after payment of debts * * *."

*Cramer, Exr.* v. *Harris,* 90 O. S., 160, is a case which largely illustrates the principles of construction in a matter such as the case at bar:

"1. In the construction of wills, a presumption prevails, especially in items not residuary, that where a more general description is coupled with an enumeration of things, the description shall cover only things *ejusdem generis*.

"2. This, however, is only a rule of presumption, and must yield to the testatrix' intention as gathered from the whole instrument, but where the presumption is favored and supported by the evident intention of the testator as developed from a consideration of all parts of the instrument, then such rule of presumption should be applied to the matter in question."

In that case it was held that where there was a specific enumeration of insignificant articles of furniture, including "one bureau and contents," that the bequest only included the bureau and such contents as would usually be found in a bureau, and did not include a sum of money amounting to $325.00 which was found therein. The discussion of the case by Nichols, C. J., points out the small likelihood that the testatrix would have enumerated trivial articles such as jars, crocks, baskets, kitchen furniture, etc., and intend at the same time to include $325.00 in money as part of the contents of a bureau.

Other cases were called to the court's attention which it seems are not of particular help, including the case of *Matter of Reynolds*, 124 N. Y., 388, in which the question was as to the meaning of devise of real estate, "with all the lands, buildings and appurtenances thereunto belonging or in any wise appertaining, and including all the furniture and personal property in and upon the same, or in any manner connected therewith," and the court held that the devise did not include money and securities which were kept in a vault in the office of the testator, on the premises, and it is pointed out there that:

"It seems that general words followng an enumeration of articles in the residuary clause of a will are to be given the broadest and most comprehensive meaning of which they are susceptible, in order to prevent intestacy as to any portion of the testator's estate.

"Except, however, in a residuary clause, or where the will contains no such clause when certain articles are named in a devise or bequest followed by a phrase which need not, but may be construed to include other articles, it will be confined to articles of the same general character as those enumerated."

That holding is strictly in line with the decision of the Supreme Court above referred to, in which the court points out that in any event, and under all circumstances, what is to be ascertained is the intention of the testatrix.

At the expense of some repetition, therefore, the question is, What was the intention of the testatrix by the making of the codicil giving in fee simple "all the real

estate owned by me, fronting on and being known as No. 3329 Morrison avenue, Cincinnati, Ohio, consisting of approximately seven (7) acres, including the residence and other buildings thereon, together with all the personal property located at the time of my death in said residence, or in 'or about the said premises, except such articles of personal property as may be specifically bequeathed in my will"?

It will be seen here, that in the description of the personal property there are no general terms following an enumeration of species of personal property, but the phrase is, "all the personal property located at the time 'of my death in said residence or in or about the said premises." Having pointed out that Item 14 of the will, so far as it related to Mr. Wareham and to the real property and household effects and furnishings, was revoked by the codicil, the only expression of intention of the testatrix was to give all the property in that house or on the premises, whatever it was, to Mr. Wareham.

The opinion of the court therefore is:

1. That the codicil in effect revoked Item 14 of the will, so far as it related to Mr. Wareham, and the homestead, the household effects and furnishings.

2. That under the codicil Mr. Wareham takes fee simple title to the said real property, and absolute ownership of the personal property in the house, and on the premises, excepting the items of personal property specifically devised by the will other than Item 14.

3. That the jewelry passes to Mr. Wareham under the general language of the codicil, "all the personal property located at the time of my death in said residence, or in or about said premises."